**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHAN MANUEL MARTINEZ-BRICENO (A No. 220-734-132),<br><br>           Petitioner,<br><br>v.<br><br>WARDEN,<br><br>           Respondent. | Case No. 1:26-cv-05371-JLT-EPG<br><br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br><br>(Doc. 1) |

Johan Manuel Martinez-Briceno is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.

## I.      FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Venezuela. (Doc. 1 at 12; Doc. 9 at 2.) He entered the United States in December 2021. *Id*. At that time, Petitioner was encountered by immigration officials, issued a Notice to Appear charging him as removable, and released with "Authorized Temporary Presence" after claiming asylum. (Doc. 1 at 12; Doc. 9 at 2.) Later, Petitioner applied for asylum and withholding of removal, as well as employment authorization. (Doc. 9 at 2.) Petitioner was approved for a work authorization on June 20, 2025, which remains valid through June 15, 2030,

and was given a corresponding work social security number. (*Id*.) Petitioner claims that his asylum application is pending, (Doc. 1 at 12), and he is not currently subject to a final order of removal.[1]

On June 18, 2026, local police in Florida stopped the Petitioner for a "traffic infraction" and transferred him to ICE custody on June 26, 2026. (Doc. 9 at 2.) On June 22, 2026, seemingly arising out of the same traffic stop is an arrest for "smuggl[ing] [an] illegal individual into [the] State," however this charge was dropped two days later. (*Id*. at 3.) There is no evidence describing the basis for this arrest, the corresponding penal code section at issue for this arrest, or how this arrest relates to the initial "traffic infraction". (*See id*.) It is unclear, for instance, whether other noncitizens were present in the vehicle at the time of the stop. Furthermore, the government does not argue or rely on this arrest as the basis for Petitioner's re-detention. (*Id*. at 2–3.) Instead, the Government notes that this case is "in the category of immigration habeas cases for which the Court has typically ordered immediate release." (Doc. 7 at 1.) Apart from this traffic incident, Petitioner has no criminal history. (Doc. 9 at 3.) Petitioner is detained at the Central Valley Annex Detention Facility in McFarland, California. (Doc. 1 at 13.)

On July 13, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his continued detention violates the Due Process Clause of the Fifth Amendment. (Doc. 1 at 14–19.) On July 29, 2026, Respondents filed a response to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b). (Doc. 7 at 1.)

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens

---

[1] Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information indicates that Petitioner's case is pending with no final order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited August 11, 2026).

in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.    DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (*See* Doc. 1 at 14–19.) Respondents argue that as an "applicant for admission" under expedited removal procedures set forth at 8 U.S.C. § 1225(b), Petitioner's detention is "mandatory." (Doc. 8.) Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b), governs Petitioner's detention. *See also J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Moreover, for the reasons articulated in those cases, the Court concludes that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

### IV.    CONCLUSION AND ORDER

1.    The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2.    Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or

danger to the community, such that physical custody is legally justified[2];

   3.      The Clerk of Court is directed to serve the Central Valley Annex Detention Facility in McFarland, California, with a copy of this Order.

   4.      The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:  August 11, 2026

UNITED STATES DISTRICT JUDGE

---

[2]  If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.